IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JEFFREY P. CONWAY, | CV 17-71-GF-JCL |
| Plaintiff, | |
| vs. | ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This negligence action comes before the Court on Defendant United States of America's motion for summary judgment and motion to dismiss a petition by United States employee Jason Hardy to certify that he was acting within the scope of his office or employment at the time of the underlying incident giving rise to Plaintiff Jeffrey Conway's claims. Because the United States has not waived its sovereign immunity as to Conway's tort claims, the United States is entitled to summary judgment and Captain Hardy's petition to certify is properly dismissed.

I. **Background**[1]

Conway was injured in a motor vehicle collision in the early morning hours of Sunday, September 7, 2014, when the vehicle he was driving was struck head on

---

[1] Consistent with well-established summary judgment standards, the Court takes the following facts from the materials of record and, where disputed, views them in the light most favorable to Conway as the non-moving party.

by a vehicle driven by Hardy. At the time of the incident, Hardy was an active duty captain with the United States Air Force, stationed at Malmstrom Air Force Base in Montana. Hardy's work assignments were consistent with a Monday through Friday day shift schedule, and he was off-duty for the weekend when the incident occurred.

On Saturday, September 6, 2014, Hardy attended a friend's wedding in the afternoon or early evening, went out for a meal, and then returned to his off-base apartment. Later that evening, Hardy walked to a bar and grill where he helped as an assistant to the bartender. After that, Hardy met friends at a different bar and then walked back to his apartment. Hardy does not remember anything that happened between arriving home from the bar late that night and waking up in the emergency room after the incident.

Following the incident, the Air Force initiated a "line of duty" investigation pursuant to Air Force Instruction 36-2910 *Line of Duty (Misconduct) Determination* for purposes of determining Hardy's eligibility for certain government benefits. Retired Lieutenant Colonel Keith Hepler carried out the investigation, and ultimately determined that Hardy had engaged in a bona fide suicide attempt secondary to preexisting combat-related post-traumatic stress disorder, traumatic brain injury, alcohol abuse, alcohol dependence, and major

2

depressive disorder. (Doc. 37-2, at 46). As a result, Hepler concluded that Hardy was in the line of duty at the time of the incident.

In August 2017, Conway commenced this action against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), alleging claims for negligence and negligent supervision. The United States moves for summary judgment on both claims on the ground that it has not waived sovereign immunity and subject matter jurisdiction is thus lacking. The United States also moves to dismiss Hardy's petition to certify that he was acting in the scope of his office or employment because he is not a party to this proceeding.

## II. <u>Summary Judgment Standards</u>

Under Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). A movant may satisfy this burden

where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251 (1986).

Once the moving party has satisfied its initial burden with a properly supported motion, summary judgment is appropriate unless the non-moving party designates by affidavits, depositions, answers to interrogatories or admissions on file "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. 317, 324 (1986). The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials" of the pleadings. *Anderson*, 477 U.S. at 248.

In considering a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249-50. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

### III. Discussion

"The United States can only be sued to the extent that it has waived its sovereign immunity." *Baker v. United* States, 817 F.2d 560, 562 (9th Cir. 1987). The FTCA provides a waiver of sovereign immunity, making the United States

liable to the same extent as a private party for certain torts committed by federal employees acting within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA's waiver of sovereign immunity must be strictly construed in favor of the United States. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).

The FTCA's waiver of sovereign immunity is not without limitation. Relevant here, the waiver is limited to claims based on conduct by a federal employee "acting within the scope of his office or employment…" 28 U.S.C. § 1346(b)(1). The waiver is also subject to several specific exceptions, including the discretionary function exception. 28 U.S.C. § 2680. The discretionary function exception bars "[a]ny claim…based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion be abused." 28 U.S.C. § 2680(a).

To determine whether the discretionary function exception applies, the court must engage in a two-step analysis. *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008) (citing *Berkowitz v. United* States, 486 U.S. 531, 536-37 (1988)). First, the court must determine whether the challenged action involves an element of judgment or choice. *Terbush*, 516 F.3d at 1129. When a "federal statute,

5

regulation, or policy specifically prescribes a course of action for an employee to follow," there is no judgment or choice involved and the discretionary function exception does not apply. *Terbush*, 516 F.3d at 1129 (quoting *Berkowitz*, 486 U.S. at 536).

Second, the court must determine whether the challenged action "is of the kind that the discretionary function exception was designed to shield," that is, actions "grounded in social, economic, or political policy." *Terbush*, 516 F.3d at 1129. When a government employee exercises discretion at step one, "it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Miller v. United States*, 163 F.3d 591, 593 (9th Cir. 1998). The United States has the burden of proving that this two-part test is met and that the discretionary function exception applies. *Terbursh*, 516 F.3d at 1129.

### A. Negligence

The United States argues it is entitled to summary judgment on Conway's negligence claim because the undisputed facts show that Hardy was not acting within the course and scope of his employment at the time of the incident, which means there has been no waiver of sovereign immunity.

When a government "employee is a member of the military, the scope of employment 'means acting in the line of duty.'" *Lutz v. United States*, 685 F.2d

6

1178, 1182 (9th Cir. 1982) (quoting 28 U.S.C. § 2671). For purposes of defining "line of duty" under the FTCA, the Ninth Circuit looks to "the applicable state law of respondeat superior," here Montana. *Lutz*, 685 F.2d at 1182. See 28 U.S.C. § 1346(b)(1) (directing courts to apply "the law of the place where the act or omission occurred"). The Ninth Circuit has specifically recognized that "[t]he 'line of duty' standard does not expand scope of employment beyond that recognized under the state law of respondeat superior." *Hartzell v. United States*, 786 F.2d 964, 966 (9th Cir. 1986).

Thus, the fact that Hardy was a member of the military at the time of the incident does not change the applicable standard. The Ninth Circuit has expressly rejected the idea that "the unique characteristics of military service bring a soldier within the scope of employment in circumstances in which a civilian would be found to be acting outside the bounds of his employment." *Hartzell*, 786 F.2d at 967. Were it otherwise, "the United States would be liable for virtually any tort committed by a serviceman, whether he was on-duty, off-duty, or on leave at the time of the incident. This result is clearly inconsistent with the limited waiver of sovereign immunity Congress intended in the FTCA." *Hartzell*, 786 F.2d at 969. See also *Sharrock v. United States*, 673 F.3d 1117, 1119 (9th Cir. 2012) (finding that under California law no FTCA claim was viable against the United States

when a military member was driving his personal vehicle to basketball practice at a facility furnished by the Navy for its recreation program). Thus, to determine whether Hardy was acting in the scope of his employment for purposes of the FTCA, the Court looks to Montana's principles of respondeat superior.

Under Montana law, an employer is only liable for the acts of an employee acting within the course and scope of his duties. *Bowyer v. Loftus*, 194 P.3d 92, 93 (Mont. 2008). To be within the course and scope of employment, an employee must have been acting "in furtherance of his employer's interest or for the benefit of his master." *Maguire v. United States*, 835 P.2d 755, 758 (Mont. 1992) (employee who sexually assaulted patient while was not acting for the benefit of the employer). In cases involving employee travel, Montana courts most often rely on two critical factors. *Fretts v. GT Advanced Technologies Corp.*, 2013 WL 1910395 **7-8 (D. Mont. May 8, 2013). First, "the work must create the necessity for the travel," such that the employer directs the employee to make the trip or gives him the option of doing so. *Fretts*, 2013 WL 1910395 *8. Second, the incident "must occur during working hours or while the employee is on official travel time; payment of hourly wages is not the key inquiry but instead whether the collision occurs during the employee's on-duty hours." *Fretts*, 2013 WL 1910395 *8. See e.g. *Bowyer v. Loftus*, 194 P.3d 92, 94 (Mont. 2008) (finding that employee

traveling on off-duty hours and not carrying out any task for his employer was not within course and scope of employment); *Buhl v. Warm Springs State Hosp.*, 769 P.2d 1258, 1259 (Mont. 1989) (finding that travel to and from a place of work, "going and coming," is not within the scope of employment).

Here, the undisputed evidence demonstrates that Hardy was not acting in the course and scope of his employment at the time of the incident. Rather the incident took place while Hardy was off-duty and away from his place of employment on Malmstrom Air Force Base. Hardy was not in uniform, and was not traveling to or from his place of employment at the time of the incident. Rather, Hardy was driving his personal vehicle for purely personal reasons when he collided with Conway's vehicle on the highway. Hardy testified that he could not have been on an official trip for the Air Force at 3:30 a.m. when the incident occurred, and there is no evidence that he was on any work-related mission or otherwise engaged in any Air Force business. The undisputed evidence thus establishes that, under Montana law, Hardy was not acting with the scope of his employment at any time on the evening of the incident.

Conway nevertheless argues there was a sufficient connection between Hardy's tortious conduct and his employment for purposes of establishing respondeat superior liability under Montana law. For support, Conway relies on the

Air Force's "line of duty" determination, which concluded that at the time of the incident Hardy was engaged in a bona fide suicide attempt as a result of his combat-related service.

But as several federal courts have recognized, a military line of duty determination conducted for purposes of determining benefit eligibility does not constitute a determination that the employee acted with the scope of employment for purposes of the FTCA. See *Walsh v. United States*, 31 F.3d 696, 699 (8th Cir. 1994) (concluding that military line of duty determination made for purposes of determining the enlisted member's right to receive benefits was not relevant to a determination of whether the enlisted member was acting in the line of duty for purposes of the FTCA); *Hamm v. United* States, 439 F.Supp. 2d 262, 266-67 (W.D. N.Y. 2006);

These cases are consistent with the Air Force Instruction 36-2910, pursuant to which Hepler conducted his investigation. That instruction states that a line of duty determination is "completely distinct from usage" under the FTCA "and has no bearing on the meaning of the phrase 'acting within the scope of his office or employment' as used in that Act." (Doc. 34-1, at 3). Thus, the Air Force's determination that Hardy was in the line of duty at the time of the incident is not helpful for purposes of determining whether he was acting in the scope of his

employment for purposes of the FTCA. Rather, that inquiry is governed by Montana law of respondeat superior.

As set forth above, the undisputed facts establish that Hardy was not acting the scope of his employment at the time of the incident. Accordingly, the United States has not waived its sovereign immunity and the Court does not have subject matter jurisdiction over Conway's negligence claim.

## B.     Negligent Supervision

The Complaint alleges that the Air Force was aware of Hardy's mental health and substance abuse problems "and negligently failed to address them and negligently failed to supervise Hardy, which led to the" incident and Conway's resulting damages. (Doc. 1, at 3). To the extent these allegations can be read as asserting a claim that the United States violated an unspecified medical or psychological standard of care, the claim fails as a matter of law because Conway has not presented any expert testimony as required to support such a claim. See *Beehler v. Eastern Radiological Assoc. P.C.*, 289 P.3d 131, 136 (Mont. 2012).

To the extent the allegations in the Complaint can otherwise be read as asserting a claim for negligent supervision, the United States argues it is entitled to summary judgment because (1) Conway has not shown that the United States had a duty to exercise supervisory control over Hardy while he was off-duty and (2) the

11

claim falls within the discretionary function exception to the FTCA's waiver of sovereign immunity. The United States is correct on both points.

First, under Montana law, to prevail on a claim for negligent supervision Conway would have to demonstrate that the United States had a duty to exercise supervisory control over Hardy under the circumstances. As a general rule, absent a special relationship of custody or control, there is no duty to protect third-parties from harm. *Kreig v. Massey*, 781 P.2d 277, 279 (Mont. 1989). On the record before the Court, there is no evidence establishing such a special relationship in this case. As discussed above, the undisputed evidence establishes that Hardy was off-duty at the time of the incident, was away from his place of employment on Malmstrom Air Force Base, and was traveling for purely personal reasons. Absent evidence a special relationship, Conway has not shown that the United States owed him a duty to exercise supervisory control over Hardy under the circumstances. Nor does Hardy's military status create a special relationship with the United States giving rise to a duty to exercise supervisory control over him while he was off-base and off-duty. See e.g. *Louie v. United States*, 776 F.2d 819, 824-27 (9th Cir. 1985).

Even if Conway could establish the presence of a duty, his claim for negligent supervision is barred by the discretionary function exception to the FTCA. Notably, Conway does not argue otherwise in response to the United

States' motion. Several federal courts, including the Ninth Circuit and the Great Falls division of this Court, have held that "claims regarding training, supervision, and investigation are barred by the discretionary function exception" to the FTCA. *Bisom v. United States,* 2015 WL 12591717 *2 (D. Mont. May 11, 2015). See also *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000) (recognizing "that decisions relating to hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield"); *Nurse v. United States*, 226 F.3d 996, 1001-02 (9th Cir. 2000) (finding claims of negligent and reckless employment, supervision, and training fall "squarely within the discretionary function exception"); *Dretar v. Smith*, 752 F.2d 1015, 1017 n.2 (5th Cir. 1985) ("Supervising employees is certainly a discretionary function.").

Here, as in the above-cited cases, both prongs of the discretionary function test are satisfied. First, there is no evidence of any mandatory regulations or policies regarding supervision of off-duty Air Force employees under analogous circumstances and any decisions by the Air Force on whether and how closely to supervise Hardy were discretionary. Second, because the Air Force exercised its discretion, it is presumed that its decisions were grounded in social, economic, or political policy. Conway's negligent supervision claim thus falls within the

discretionary function exception to the waiver of sovereign immunity under the FTCA, and is subject to summary dismissal for lack of subject matter jurisdiction.

### C. Petition to Certify

Pursuant to 28 U.S.C. § 2679(d)(3), Hardy has filed a petition asking the Court to find and certify that he was acting within the scope of his office or employment with the United States Air force when the events giving rise to this matter occurred. (Doc. 39). Hardy's petition essentially reiterates the same arguments and relies on the same evidence that Conway presents in response to the United States' motion for summary judgment.

The United States moves to dismiss the petition on the ground that Hardy is not a party to this case and no civil action or proceeding has been brought against him any court. (Doc. 46). Because the Court concludes for the reasons set forth above that the undisputed evidence establishes that Hardy was not acting in the scope of his employment at the relevant time, the petition to certify is not well-taken. Thus, the Court declines to address the question of whether the petition is procedurally proper and, for present purposes, orders that it be dismissed.

## IV. <u>Conclusion</u>

For reasons set forth above,

IT IS ORDERED that Defendant's Motion for Summary Judgment (doc. 31)

14

is GRANTED, Defendant's Motion to Dismiss Petition (doc. 45) is GRANTED, and this case is DISMISSED.

DATED this 17th day of December, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge